# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

JENNIFER HAMMAN, as Personal )
Representative of the Estate of William )
W. Newman, )
                                         )
              Plaintiff, )
                                         )
      vs. ) CAUSE NO. 3:18-CV-952-PPS-MGG
                                         )
STARKE COUNTY, INDIANA, *et al.*, )
                                         )
              Defendants. )

# OPINION AND ORDER

William Newman was shot and killed by law enforcement in Starke County Indiana. At this point the principal defendants seem to be the City of Knox Police Chief and another officer from that same department. But also included in the complaint as defendants are Starke County and the Starke County Sheriff's Department, although the allegations against those latter defendants are threadbare. There are also some John and Jane Does thrown into the complaint as well. Starke County and the Starke County Sheriff's Department have filed a Partial Motion to Dismiss [DE 24]. Plaintiff concedes it is appropriate to dismiss the *Monell* claims against Starke County and the Starke County Sheriff's Department in Counts I, II, III, and IV. Additionally, the state law claim in Count V as to Starke County will also be dismissed. But Count V will remain pending against the Starke County Sheriff's Department. Finally, I will also dismiss the Jane or John Doe defendants for reasons discussed below.

## Background

Here are the facts as detailed in the complaint: on the morning of December 21, 2016, Knox Police Chief Smith, Corporal Dulin and John Doe Officers went to execute a warrant at a storage facility in Knox, Indiana. [Compl., ¶ 15.] Chief Smith, Corporal Dulin and the Doe Officers had a search warrant, but exceeded the scope of that warrant when they proceeded to another location on the premises where William Newman was working on a truck. [*Id.*, ¶¶16-17.] When Newman tried to leave the storage unit, Chief Smith, Corporal Dulin and/or Doe Officers fatally shot Newman at 9:20 a.m., but they did not call for medical intervention until 10:22 a.m [*Id.*, ¶¶ 18-19], and when medical personnel finally did arrive at 10:30 a.m., Newman was unresponsive. [*Id.*, ¶ 20.] Newman was taken to the ER Department at Indiana University Starke Memorial Hospital where he was declared dead at 11:05 a.m. [*Id.*, ¶ 21.]

Plaintiff, Jennifer Hamman, is the Personal Representative of the Estate of William R. Newman. She brings this action against Starke County, the Starke County Sheriff's Department, the City of Knox, the Knox Police Chief Harold Smith, Corporal Chad Dulin (a Knox police officer), and Jane/John Does. [Compl., DE 1.] The complaint contains 5 counts: Count I (unreasonable seizure); Count II (excessive force); Count III (deliberate indifference); Count IV (*Monell* liability against the City of Knox, Starke County, and Starke County Sheriff's Department), and Count V (a state law claim for wrongful death).

The present motion only involves Starke County and the Starke County Sheriff's Department. Those defendants move to dismiss Counts I-IV arguing that Hamman failed to plausibly allege a municipal liability claim under the framework set forth in *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Hamman concedes that she has not stated proper *Monell* claims at this stage in the litigation. Oddly, only Starke County has moved to dismiss Count V; the Starke County Sheriff's Department has not moved to dismiss Count V even though there are literally no allegations in the complaint against either of those defendants.

**Discussion**

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. Hamman must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A.  *Monell* **Claims**

Municipalities may be held liable under § 1983 if their official policies, including unwritten customs, cause constitutional violations. *See Monell,* 436 U.S. at 690-91. In this case, both Starke County and the Starke County Sheriff's Department have moved for dismissal of Counts I-IV because the complaint fails to contain any allegations, outside of a little boilerplate language, to establish the constitutional violations were caused by an express municipal policy or a widespread custom or practice. It is true that to bring a *Monell* claim, a party needs to plausibly state a factual basis describing with some particularity the municipality's customs or policy. *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995).

As noted above, Hamman does not resist dismissal of Counts I-IV against both Starke County and the Starke County Sheriff's Department. [DE 27 at 1-2.] However, she requests that the *Monell* counts be dismissed without prejudice (instead of with prejudice). This is entirely reasonable. *See, e.g., Ford v. Sessoms*, No. 1:14-cv-320 PS, 2014 WL 6605659, at *3 (N.D. Ind. Nov. 20, 2014) (dismissing *Monell* claims without prejudice); *Frantz v. Wexford of Indiana*, No. 3:18-cv-290 JD, 2018 WL 5842463, at *3-4 (N.D. Ind. Nov. 7, 2018) (dismissing count which failed to plausibly allege a claim under *Monell* without prejudice). As such, it is appropriate to dismiss these claims without prejudice to Hamman attempting to cure the deficiencies in an amended complaint.

B.  **Whether Starke County is a Proper Defendant For Count V**

The next issue is who is the proper defendant as to the wrongful death claim in

Count V — Starke County or the Starke County Sheriff's Department? Only Starke County has moved to dismiss Count V. The capacity of a party like Starke County to be sued is determined by the law of the state where the court is located. *See* Fed. R. Civ. P. 17(b)(3).

Hamman very aptly notes some recent uncertainty regarding the propriety of naming both a county and the county's sheriff's department as defendants in the same case. *See, e.g., Burton v. Lacy*, No. 1:07-cv-0918-JDT-TAB, 2008 WL 187552, at *4 (S.D. Ind. Jan. 18, 2008) (recognizing "[t]here appears to be conflicting case law with respect to whether the Sheriff's Department or the County is the proper defendant."); *Marks v. Indiana*, No. 1:15-cv-118, 2015 WL 4421338, at *2 (July 17, 2015) (dismissing county sheriff's department because it is not a suable entity under section 1983); *but see Waldrip v. Waldrip*, 976 N.E.2d 102, 118-19 (Ind. Ct. App. 2012) (dismissing claim of false arrest and imprisonment against Monroe County because the county commissioners do not have control over the acts of a sheriff, and if anything, that type of claim could only be stated against the Monroe County Sheriff).

To pick which side is correct, let's turn to some basics about the structure of county government in Indiana. In this state, the sheriff's office is an independent office established under the Indiana Constitution. Ind. Const. Art. 6 § 2; *see Miller v. St. Joseph Cnty.*, No. 2:11-CV-217, 2014 WL 3740175, at *9 (N.D. Ind. July 30, 2014). The duties and responsibilities of a sheriff's department are established by the Indiana State legislature. I.C. § 36-2-13-1. Moreover, "the law is well-settled that county commissioners do not

have control over the acts of a sheriff." *Waldrip v. Waldrip*, 976 N.E.2d 102, 119 (Ind. Ct. App. 2012) (quotation omitted). "Although officers employed by the sheriff's department are employed by the county, they operate under the control of the county sheriff." *Vandewalle v. Moffa*, No. 3:07-cv-400 PS, 2009 WL 631244, at *3 (N.D. Ind. Mar. 10, 2009).

A sheriff's department acts independently of a county board of commissioners and there is no agency relationship, so liability under the principle of respondeat superior does not apply. *Donahue v. St. Joseph Cnty.*, 720 N.E.2d 1236, 1241 (Ind. Ct. App. 1999); *Carver v. Crawford*, 564 N.E.2d 330, 334 (Ind. Ct. App. 1990) (holding county commissioners do not have any control over the acts of the sheriff and its officers). Indeed, under Indiana law, county commissioners do not have a duty to supervise, hire, discipline or train the agents of independent offices under the state Constitution. *Delk v. Bd. of Comm'rs of Delaware Cnty.*, 503 N.E.2d 436, 440 (Ind. Ct. App. 1987).

In this case, there are no allegations in the claim relating to Starke County, the Board of Commissioners, or its employees. As noted by Defendants, this case is analogous to *Waldrip*, 976 N.E.2d at 118-19, in which the Indiana Court of Appeals affirmed the dismissal of the complaint against the County because the claims could only be stated against the County Sheriff's Office.

Hamman points to *Slay v. Marion County Sheriff's Department*, 603 N.E.2d 877, 887 (Ind. Ct. App. 1992), in support of her argument that Starke County is an appropriate defendant. Although the facts in *Slay* are similar (the parents in that case brought a

6

section 1983 action against the county sheriff's department and deputy sheriff for shooting their son), in *Slay*, the court cited a Sixth Circuit case, *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991), and *Jones v. Bowman*, 694 F. Supp. 538, 544 (N.D. Ind. 1988), in finding that a sheriff's department was not a legal entity subject to suit under section 1983. *Slay*, 603 N.E.2d at 887. The big difference between *Slay* and this case, is there are no remaining pending section 1983 claims against Starke County or the Starke County Sheriff's Department. Moreover, as noted by a fellow district court, the analysis of *Jones* and *Slay* was rejected by the United States Supreme Court in *McMillian v. Monroe County, Alabama*, 520 U.S. 781, 786 (1997), which held that *state* law determines whether an entity has policymaking authority for *Monell* purposes under section 1983. *Vandewalle*, 2009 WL 631244, at *3 n.3.

In sum, I have come to the conclusion that the sheriff's department is the more appropriate defendant under these circumstances. I fully recognize that I have held to the contrary on other occasions. *See, e.g., Beiler v. Jay Cnty. Sheriff's Office*, No. 1:11-CV-0380, 2012 WL 2880563, at *2 (N.D. Ind. 2012) and *Marks v. Indiana*, No. 1:15-CV-118, 2015 WL 4421338, at *2 (N.D. Ind. 2015). But after re-examining the issue, and for the reasons detailed above, I am persuaded that the proper result in this case is to dismiss Starke County. Thus, Count V will be dismissed as against Starke County for failure to state a claim upon which relief can be granted. But Count V will remain in place as against the sheriff's department, even though the allegations against it are nearly nonexistent. (Recall again that the sheriff's department did not move to dismiss Count

7

V).

C. **The Doe Defendants Must be Dismissed**

Hamman has also named Jane or John Doe defendants, whom she describes as:

> an unknown individual who, upon information and belief, participated in or is responsible for the actions that are subject to this lawsuit. To the extent DOE can be said to be a policymaking authority whose actions represent the official policy of the governmental entity or entities they represent, they are sued in their official capacities. To the extent DOE participated in the law enforcement activities giving rise to the injuries alleged herein, they acted under the color of law.

[Compl., ¶14.] John and Jane Doe defendants are subject to dismissal because "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted); s*ee also Brengettcy v. Horton*, 423 F.3d 674, 683 (7th Cir. 2005) (John Does are properly dismissed *sua sponte*).

**Conclusion**

For the reasons set forth above, the Partial Motion to Dismiss [DE 24] is GRANTED. Counts I-IV are DISMISSED as to Defendants Starke County and the Starke County Sheriff's Department WITHOUT PREJUDICE. Defendants, Jane or John DOE, are DISMISSED from this action. Count V is DISMISSED as to Starke County WITHOUT PREJUDICE. Count V remains pending against the Starke County Sheriff's Department.

ENTERED: April 1, 2019.

                                              /s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT